UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CHARLES QUAIL,                      :
                  Petitioner        :
                                    :
     - against -                    :       07 Civ. 6050 (VM)
                                    :
J. FARRELL                          :       **DECISION AND ORDER**
                                    :
                  Respondent.       :
------------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-25-08
```

**VICTOR MARRERO, United States District Judge.**

Pro se petitioner Charles Quail ("Quail"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Quail raises six claims in his petition: (1) a violation of due process resulting from prosecutorial misconduct during his trial; (2) ineffective assistance of trial counsel for failure to preserve the issue of prosecutorial misconduct for appeal; (3) ineffective assistance of appellate counsel for failing to raise issues that Quail specifically requested; (4) ineffective assistance of appellate counsel for failing to include certain issues in an application for leave to appeal to the New York Court of Appeals; (5) ineffective assistance of trial counsel relating to the failure of trial counsel to raise the issue of Quail's mental competence; and (6) a denial of due process for the failure of the trial court to raise the issue of Quail's mental competence.

Quail also moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(g). For the reasons described below,

1

Quail's petition and his motion for appointed counsel are DENIED.

## I.  BACKGROUND[1]

On January 16, 2004, Quail was convicted in New York State Supreme Court (the "State Court") after a non-jury trial of one count of Manslaughter in the First Degree and one count of Possession of a Weapon in the Fourth Degree, and was sentenced to concurrent terms of incarceration of twelve years and one year, respectively.  Quail had initially agreed to plead guilty to Manslaughter in the First Degree in exchange for a promised sentence of ten years' imprisonment.  However, on Quail's motion, the guilty plea was vacated, as he was not advised that the plea agreement he had entered into included a five-year period of post-release supervision.

On direct appeal of his conviction to the New York State Supreme Court, Appellate Division, First Department ("Appellate Division") Quail argued that:  (1) the State failed to disprove justification beyond a reasonable doubt, (2) the sentence of 12 years' incarceration was excessive for

---

[1] The summary below derives from the parties' submissions to the Court, specifically:  Quail's Petition for a writ of Habeas Corpus, dated June 13, 2007 ("Habeas Pet."); Respondent's Memorandum of Law in Opposition to Petition for a writ of Habeas Corpus, dated Nov. 2, 2007 ("Resp't Mem."); Petitioner's Reply to the Respondent's Affidavit in Opposition to Petition for a writ of Habeas Corpus, dated Nov. 26, 2007 ("Pet'r Rep."); the Affidavit of Bryan Hughes, dated Nov. 2, 2007 ("Hughes Aff.") and the Trial Transcript ("Tr.").  Except where specifically quoted, no further reference to these documents will be made.

2

a 58-year-old disabled veteran with no prior criminal record, and (3) the sentencing court violated the Ex Post Facto Clause of the United States Constitution by imposing a DNA databank fee on Quail, because the incident leading to Quail's incarceration preceded the effective date of the statute mandating the fee.   On October 11, 2005, the Appellate Division modified Quail's sentence by vacating the DNA databank fee, but upheld the conviction, finding that it "was based on legally sufficient evidence" and "the evidence disproved defendant's justification defense beyond a reasonable doubt."   People v. Quail, 801 N.Y.S.2d 735 (App. Div. 1st Dep't. 2005).   On October 23, 2005, Quail sought leave to appeal to the New York Court of Appeals ("Court of Appeals") the three issues raised before the Appellate Division; the application was denied on December 27, 2005. See People v. Quail, 843 N.E.2d 1165 (N.Y. 2005).

On or about April 11, 2006, Quail filed a pro se motion in the State Court pursuant to N.Y. Crim. Proc. Law § 440.10 ("§ 440 Motion"), in which he sought to vacate his conviction on grounds of prosecutorial misconduct, based on the introduction of false testimony, and ineffective assistance of trial counsel.   On June 8, 2006, the State Court denied the entirety of Quail's § 440 Motion, noting that he "offers nothing to support his allegation that the testimony was

3

false, much less that the prosecutor knowingly elicited false testimony." (See Order dated June 8, 2006, attached as Ex. 7 to Resp't Mem. 3.) Quail did not file an application seeking leave to appeal that decision to the Appellate Division.

On August 16, 2006, Quail filed a motion in the Appellate Division for a writ of error coram nobis, making a claim of ineffective assistance of appellate counsel. (See Petitioner's motion for a writ of error coram nobis, attached as Ex. 8 to Resp't Mem. 1-9.) The Appellate Division denied the motion on May 29, 2007. (See Order, attached as Ex. 12 to Resp't Mem.) Quail has not sought leave to appeal that decision to the Court of Appeals.

On June 18, 2007, Quail timely filed this petition for a federal writ of habeas corpus. See 28 U.S.C. § 2244(d)(2). Quail subsequently moved for appointment of counsel pursuant to 18 U.S.C. § 3006A(g).

## II. **LEGAL STANDARD**

As a starting point, the Court notes that Quail is a pro se litigant. As such, his submissions must be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted). The Court must read Quail's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)

4

(citation omitted).

A petitioner in custody pursuant to a judgment of a state trial court is entitled to habeas relief only if he can show that his detention violates the United States Constitution or federal law or treaties of the United States. See 28 U.S.C. § 2254(a). Before seeking federal relief, however, a petitioner generally must have exhausted all available state court remedies. See 28 U.S.C. §§ 2254(b)-(c). To do so, a petitioner must have fairly presented his federal claims to the highest available state court, setting forth all of the factual and legal allegations he asserts in his federal petition. See Daye v. Attorney Gen., 696 F.2d 186, 191-92 (2d Cir. 1982). If a claim has not been presented to a state court but the opportunity to do so has lapsed due to a state procedural bar, the claim is procedurally defaulted but may be "deemed exhausted" for the purposes of the statutory requirement. See Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994). In such procedural default cases, a federal habeas court may review a petitioner's claims only if the petitioner demonstrates (1) cause for the default and resulting prejudice, or (2) that the failure to consider the claims will "result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Day v. Taylor,

459 F. Supp. 2d 252, 256 (S.D.N.Y. 2006).

As to the first part, "cause" is defined as "some objective factor external to the defense" that impeded the defendant's efforts to raise the claim.  McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  To demonstrate prejudice, a petitioner must show more than that errors "created a possibility of prejudice, but [instead] that they worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982); see also Day, 459 F. Supp. 2d at 256.  As to the second part, excusing a procedural default because it would result in a fundamental miscarriage of justice requires a petitioner to show through "new reliable evidence" that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

## III.  DISCUSSION

### A.  PROSECUTORIAL MISCONDUCT

Quail alleges that he has suffered a violation of his right to due process under the Fourteenth Amendment because the prosecutor at trial permitted false testimony and offered false evidence into the proceedings against him.  Quail raised this due process claim before the State Court in his § 440 Motion, but never appealed the State Court's denial of his

6

motion, and the opportunity to do so lapsed on February 28, 2007. See 22 N.Y.C.R.R 600.8 (stating that an application for a certificate granting leave to appeal must be made within 30 days of service of the order on the applicant). Therefore, Quail's claim of prosecutorial misconduct is procedurally barred. See Ruiz v. Artuz, No. 99 Civ. 4476, 2002 WL 31045856, at *6-7 (S.D.N.Y. June 13, 2002) (finding that where habeas petitioner failed to appeal decision on a § 440 motion and the time to appeal has lapsed, the § 440 claim is procedurally barred).

Because Quail's claim of prosecutorial misconduct is procedurally barred, in order for this Court to reach the merits of Quail's claim he must show either cause and prejudice to excuse the failure to appeal the adverse decision of his § 440 Motion, or that a fundamental miscarriage of justice would occur were this Court not to review his claim. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Murray v. Carrier, 477 U.S. 478, 485, 495-96 (1986).

Quail fails to allege either cause or prejudice, or that a fundamental miscarriage of justice would occur from the failure to entertain his claims. Additionally, because Quail made the § 440 Motion pro se and did not have a right to counsel beyond his first appeal, ineffective assistance of counsel cannot serve as the cause of his procedural default.

7

See Chalk v. Kuhlmann, 311 F.3d 525, 528-29 (2d Cir. 2002). The Court finds that Quail has not met any of the burdens that would excuse his failure to appeal the adverse decision of the State Court on his § 440 Motion.  Accordingly, Quail's claim based on prosecutorial misconduct is denied.

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Quail's petition raises several claims of ineffective assistance of counsel, including: (1) trial counsel's failure to preserve the issue of prosecutorial misconduct for appeal; (2) appellate counsel's failure to raise all issues requested by Quail; and (3) appellate counsel's failure to appeal all points of law raised in the Appellate Division.[2]  To prove ineffective assistance of counsel, Quail must show that:  (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness measured by prevailing professional norms; and (2) a reasonable probability existed that, but for counsel's deficient performance, the outcome of the trial would have been different or that the defect in counsel's performance deprived the defendant of a trial whose result is reliable.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  In Strickland, the Supreme Court further explained that:

_____

[2] Quail also claims an ineffective assistance of counsel for his trial counsel's failure to raise the issue of his mental competence.  This claim is discussed infra, in Section C.

8

> strategic choices made after thorough investigation of
> law and facts relevant to plausible options are virtually
> unchallengeable; and strategic choices made after less
> than complete investigation are reasonable ... to the
> extent that reasonable professional judgments support the
> limitations on investigation.

466 U.S. at 689.   Additionally, "the failure to raise
meritless claims does not constitute ineffective assistance of
counsel." Cirineo v. United States, No. 03 Civ. 6327, 2005 WL
1214320, at *5 (S.D.N.Y. May 19, 2005) (citing United States
v. Kirsh, 54 F.3d 1062 (2d Cir. 1995)).

### 1.   Trial Counsel's Failure to Preserve the Issue of Prosecutorial Misconduct for Appeal

Quail's claim of ineffective assistance of trial counsel
relating to the failure to preserve the prosecutorial
misconduct issue has not been brought in any state proceeding
and, therefore, it is unexhausted.   However, this claim is not
procedurally barred, as Quail may raise this argument in a
second motion to vacate the judgment.   See N.Y. Crim. Proc.
Law § 440.10(3)(c).   This Court may either stay the decision
on this claim to allow Quail to raise it in State Court, or it
may take jurisdiction over the claim for the sole purpose of
dismissing it pursuant to 28 U.S.C. § 2254(b)(2).

A stay and abeyance is appropriate only when the district
court determines there was good cause for the petitioner's
failure to exhaust his claims first in state court.   However,
even with good cause, granting a stay for a plainly meritless

claim constitutes an abuse of discretion.   See Rhines v. Weber, 544 U.S. 269, 277 (2005)(citing 28 U.S.C. § 2254(b)(2)).

Based on the record, the Court finds that Quail's ineffective assistance claim is plainly meritless.   Quail's prosecutorial misconduct claim is based on his allegation that the prosecutor permitted false testimony.   The testimony at issue has been considered on five prior occasions by the New York courts, and the witness was cross-examined two separate times.   In each instance, the testimony was credited by the courts of New York.   Quail has presented no new evidence of the alleged perjury or the prosecutor's alleged misconduct, and therefore, the Court concludes that the claim has no merit.   The failure to preserve a meritless claim cannot constitute ineffective assistance of counsel.

The Court finds that it would be in the interest of judicial economy to go to the merits of this claim for the purpose of dismissing it, and therefore the Court does so pursuant to 28 U.S.C. § 2254(b)(2).   Accordingly, Quail's claim of ineffective assistance of trial counsel based on the failure to preserve the issue of prosecutorial misconduct is denied.

2.   Appellate Counsel's Failure to Raise all the Issues Specifically Requested by Petitioner

Quail claims further that he was deprived of his right to

10

the effective assistance of appellate counsel because counsel did not raise all of the issues Quail requested. Quail raised this argument before the Appellate Division in an application for a writ of error coram nobis, but failed to appeal the denial of the writ. Therefore, the claim is unexhausted but forfeited, as the time to appeal has passed, and it is procedurally barred. As previously noted, for this Court to reach the merits of a procedurally barred claim, Quail must show either cause and prejudice to excuse his failure to appeal the adverse decision on the motion for a writ of error coram nobis, or that a fundamental miscarriage of justice would occur were this Court not to review his claim. See Wainwright v. Sykes, 433 U.S. at 87; Murray v. Carrier, 477 U.S. at 485, 495-96.

Quail fails to allege either cause or prejudice or that a fundamental miscarriage of justice would occur from the failure to entertain his claims. Additionally, because Quail had no constitutional right to counsel when he made the application, ineffective assistance of counsel cannot serve as cause to excuse his failure to appeal that Court's decision. See Chalk, 311 F.3d at 528-29. Therefore, Quail fails to meet any of the burdens that would excuse his failure to appeal the adverse decision of the Appellate Division on his application for a writ of error coram nobis.

11

Even if the Court were to reach the merits of Quail's claim, the petition would still fail.    Quail's attorney responded point-by-point to Quail's requests and stated that he would not raise the claims, as he found them to be without merit.    Appellate counsel's refusal to present every nonfrivolous argument to the appellate court does not constitute ineffective assistance, since appellate counsel is permitted to exercise professional judgment when determining which issues to pursue on appeal.    See Jones v. Barnes, 463 U.S. 745, 751 (1983).    Indeed, the Supreme Court has recognized that truly effective appellate advocacy entails "winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Id. at 751-52.    Because Quail has not proffered sufficient evidence to excuse his procedural default on this claim of ineffective assistance of appellate counsel, and the Court finds the claim to be without merit.    Thus, Quail's petition based on this claim is denied.

> 3.    Appellate Counsel's Failure to Appeal All Points of Law Raised in the Appellate Division

Quail claims that he is entitled to habeas relief because his constitutional right to the effective assistance of counsel was violated when his appellate counsel failed to include certain questions of law in an application for leave to appeal to the New York Court of Appeals.    Quail has not

12

raised this claim in any state forum, and it is therefore
unexhausted for habeas purposes. See 28 U.S.C. §
2254(b)(1)(A). However, as previously stated, this Court may
take cognizance of unexhausted claims for the sole purpose of
dismissing them, and does so in this case. See 28 U.S.C. §
2254(b)(2).

In order to find that Quail was denied the effective
assistance of counsel, the Court must also find that Quail had
a right to counsel. See Chalk, 311 F.3d at 529 (holding that
even if counsel's performance fell below minimum standards,
this did not constitute a deprivation of the constitutional
right to counsel, because the petitioner had no constitutional
right to counsel for the filing of the application at issue).
It is in this regard that Quail's claim fails. The Sixth
Amendment protects the right of an accused to have the
effective assistance of counsel up to and including the
accused's first direct appeal as of right. See Evitts v.
Lucey, 469 U.S. 387, 394 (1985). This right does not extend
to cover discretionary appeals. See Ross v. Moffitt, 417 U.S.
600, 610 (1974).

The Second Circuit has held that applications for leave
to appeal to the New York Court of Appeals fall outside the
bounds of the first direct review for which a convict has a
Sixth Amendment right to counsel. See Chalk, 311 F.3d at 529.

13

Because Quail did not have a right to the effective assistance
of counsel when his attorney requested leave to appeal to the
Court of Appeals, a defect in that leave application cannot be
the basis for an ineffective assistance of counsel claim.

However, even if Quail had a right to the effective
assistance of counsel at the time his leave application was
made, his claim would fail, because his attorney's performance
did not fall below minimum standards.   Quail's attorney
requested that the Court of Appeals "consider and review all
issues, including the sufficiency of the evidence claim, that
were raised below."   (Letter by David Klem, dated Oct. 25,
2005 (the "Klem Letter"), attached as Ex. 4 to Resp't Mem.)
In doing so, the Klem Letter sufficiently raised all the
issues of Quail's first appeal.  See Davis v. Strack, 270 F.3d
111, 122-23 (2d Cir. 2001) (accepting that a letter containing
similar language brought all issues on leave application
properly before the state court).  Thus, even if Quail had the
right to counsel at the time the leave application was made,
his attorney did provide sufficiently effective counsel.

For the foregoing reasons, Quail's petition based on
ineffective assistance of counsel relating to the leave
application in the Court of Appeals is denied.

C.   MENTAL COMPETENCE TO STAND TRIAL

Quail raises two claims pertaining to his mental

14

competence to stand trial: (1) that his trial counsel knowingly and deliberately ignored his disabilities in failing to request a competency hearing, depriving him of his right to the effective assistance of counsel; and (2) that the trial court's failure to raise the issue of his mental competence sua sponte deprived him of due process under the Fourteenth Amendment.[3]  The psychiatric disabilities Quail complains of relate to a severe head injury he suffered while he was serving in the Air Force, and they include post-traumatic stress disorder, chronic depression, nightmares, flashbacks, suggestive schizophrenia and severe family problems, all of which have made him unemployable.

## 1.   Trial Counsel's Failure to Raise the Issue of Petitioner's Mental Competence

Quail claims that his trial counsel's failure to raise the issue of his mental competence and order a competency hearing has deprived him of his constitutional right to the effective assistance of counsel.  The Court assumes that Quail's accusation of a "knowing" and "deliberate" failure is based on a letter from Disabled American Veterans, dated December 9, 1997, attached as Ex. 6 to Hughes Aff. (the

---

[3] Quail included these two new claims regarding his mental competence in his reply to Resp't Mem.  (See Pet'r Rep. 2-8.)  Because the claims are unexhausted, and the Court is taking jurisdiction for the sole purpose of dismissing them pursuant to 28 U.S.C. § 2254(b)(2), the Court assumes that Quail's inclusion of these two claims in his reply brief properly presented the issues to this Court.

"D.A.V. Letter"), which detailed Quail's psychiatric difficulties. Quail submitted the D.A.V. Letter to his trial counsel, and trial counsel did not subsequently request another competency examination pursuant to N.Y. Crim. Proc. Law § 730.

The touchstone of an inquiry into a claim of mental incompetence is an inability to assist in the preparation of a defense, and "failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence." United States v. Vamos, 797 F.2d 1146, 1150 (2d Cir. 1986). Here, Quail's trial counsel did not indicate any such difficulties, and neither Quail's statements nor the record is sufficient to overcome this substantial evidence of Quail's competency, and thereby demonstrate that counsel's failure to request a further competency hearing constituted ineffective assistance.

Quail is correct in that the receipt of the D.A.V. Letter placed the onus on counsel to either investigate his competency further or make a reasonable decision that rendered such an investigation unnecessary. See Strickland, 466 U.S. at 691. Quail argues that the D.A.V. Letter, which details his psychiatric troubles, combined with counsel's subsequent failure to make further inquiries into his competence, entitles him to a finding of ineffective assistance.

16

However, while the D.A.V. Letter predates his trial and the incident that led to his incarceration, it also predates the original N.Y. Crim. Proc. Law § 730 exam performed before Quail's defunct plea agreement. The period of time relevant to the ineffective assistance inquiry in this case is between the initial § 730 Exam and the trial, and no evidence appears either in Quail's petition or in the record to support an argument that counsel knew of any change in Quail's condition during that period. Under these circumstances, trial counsel could reasonably conclude that, despite prior evidence of Quail's psychiatric difficulties, his competency had been examined and affirmed. Because that examination occurred when the noted symptoms existed, if counsel found no evidence of a change in condition between the initial § 730 Exam and the beginning of the bench trial, counsel could reasonably conclude that Quail was fit to proceed.

Therefore, counsel's decision not to further investigate Quail's competency to stand trial was reasonable, and counsel's performance did not fall below the objective standard of effectiveness set out in Strickland. Accordingly, Quail's petition based on his claim of ineffective assistance of counsel relating to his counsel's failure to raise the issue of his mental competence is denied.

    2.   The Failure of the Trial Court to Inquire into Quail's Mental Competence on its Own Motion

17

Finally, Quail argues that the trial court's failure to raise the issue of his mental competence on its own motion has deprived him of due process under the Fourteenth Amendment. As noted above, this claim was raised in Quail's reply to the government's Affidavit in Opposition and the Court takes jurisdiction over it for the purpose of dismissing it pursuant to 28 U.S.C. § 2254(b)(2).

To be competent to stand trial, a defendant need only have "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'" United States v. Nichols, 56 F.3d 403, 410 (2d Cir. 1995) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)). "A hearing to determine the mental competency of a criminal defendant is required only if the court has reasonable cause to believe that the defendant has a mental defect rendering him incompetent." United States v. Zhou, 428 F.3d 361, 379 (2d Cir. 2005) (quoting Nichols, 56 F.3d at 414 (internal quotation marks omitted)); see also Pate v. Robinson, 383 U.S. 375, 385-86 (1966) (holding that due process may require a competency hearing to be held); Nicks v. United States, 955 F.2d 161, 168 (2d Cir. 1992). With regard to this threshold reasonable cause finding, deference is owed to the trial court's determinations based on observation of

the defendant during the proceedings. See Vamos, 797 F.2d at 1150; United States v. Oliver, 626 F.2d 254, 258-59 (2d Cir. 1980); United States v. Vowteras, 500 F.2d 1210, 1212 (2d Cir. 1974). A trial court must consider many factors when determining whether it has reasonable cause to order a competency hearing, including, evidence of a defendant's irrational behavior, the defendant's demeanor at trial, and any prior medical opinion on competence to stand trial. See Drope v. Missouri, 420 U.S. 162, 180 (1975). While the trial court's own observations of the defendant's demeanor during the proceeding are relevant to the court's determination, these observations alone cannot be relied upon to dispense with a hearing if there is substantial other evidence that the defendant is incompetent. See United States v. Quintieri, 306 F.3d 1217, 1233 (2d Cir. 2002).

Quail does not point to any specific events that constitute cause for the trial court to question his mental competency, and which were ignored at the trial stage. Quail underwent two psychiatric examinations during the state court proceedings: one on December 15, 1998, pursuant to N.Y. Crim. Proc. Law § 730 (the "1998 Evaluation") to determine his competence to enter into a plea deal, and one on December 15, 2003, pursuant to N.Y. Crim. Proc. Law § 390 (the "2003 Evaluation") in regard to sentencing after his trial. The

19

1998 evaluation found Quail fit to proceed in the criminal justice system, while the 2003 evaluation noted that "his thought process is logical and goal directed ... no delusions are noted [and] ... defendant is alert, and is oriented to person, place and time." (See Psychiatric Evaluation by Dr. Jason L. Cohen, M.D., dated Dec. 15, 2003, appended to Affirmation in Opposition to Petitioner's § 440 Motion, attached as Ex. 6 to Resp't Mem.)

A review of the trial transcript supports that conclusion, and reveals no incidents that could have provided the trial court with cause to order further psychiatric examinations. Accordingly, the trial court's observation of defendant appears not to have raised any reasonable cause to doubt his competence to stand trial. This forecloses Quail's due process argument unless he can point to "substantial other evidence" that the trial court had reason to believe he was incompetent. Quintieri, 306 F.3d at 1233. No such evidence appears on the record, and the only evidence pertinent to Quail's mental competence brought before the trial court was the 1998 Evaluation that declared him fit to proceed at that time. The trial court had no reasonable cause to doubt Quail's mental competence at the time of trial. Accordingly, Quail's petition based on his claim that the trial court should have raised the issue of his mental competence is

20

denied.

D.   APPOINTMENT OF COUNSEL

There is no constitutional right to representation by counsel in habeas corpus proceedings, and 18 U.S.C. § 3006(a)(2) requires appointment of counsel only for a financially eligible person if "the interests of justice so require." United States v. Yousef, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam). The threshold consideration in ruling on such an application is the showing of some merit. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989).

The Court previously denied Quail's application for counsel, holding that Quail had not yet met this standard, but stated that Quail could reapply upon the development of a fuller evidentiary record. As discussed previously, there is no evidence to support Quail's arguments regarding prosecutorial misconduct, ineffective assistance of either trial counsel or appellate counsel, and his mental competence to stand trial. Therefore, Quail has failed to provide a showing of "some merit" necessary for the appointment of counsel. Accordingly, Quail's motion for appointment of counsel is denied.

## IV.   ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion of petitioner Charles Quail

21

("Quail") for appointment of counsel (Docket No. 8) herein is DENIED; and it is further

**ORDERED** that the petition of Quail for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 herein is DENIED.

As Quail has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000).

The Clerk of the Court is directed withdraw any pending motions and to close the case.

**SO ORDERED.**

Dated:    New York, New York
          25 April 2008

                                    Victor Marrero
                                    U.S.D.J.